## DUNHAM v. MULBY.

*Charge to jury—Written requests to charge jury before argument—Section 11447, General Code—Trial court cannot withhold same until after argument—Refusal to give written requests reversible error, when—Record must affirmatively show requests made to trial judge—Reviewing court relies wholly upon record—Damages for malicious prosecution—Charge to jury upon probable cause and malice not erroneous—Verdict not excessive, where passion and prejudice not shown.*

1. Under Section 11447, paragraph 5, General Code, it is not discretionary with trial judge to withhold until after argument to jury written requests before argument, if requests properly state law.

2. Where written requests before argument properly stated law, and were applicable to case, refusal of trial judge to give requests before argument is ground for reversal, if record affirmatively shows written requests were made before argument.

3. A reviewing court must rely wholly on record before it.

4. Where record did not affirmatively show that written request to charge before argument was made to trial judge, no prejudicial error in refusing written request under Section 11447, paragraph 5, General Code, was shown on appeal.

5. In action for damages for malicious prosecution, charge on probable cause, malice, and damages *held* to fully cover issuable facts.

6. Verdict of $800 as damages for malicious prosecution, though seemingly excessive, cannot be reversed, where there was nothing in record indicating that verdict was rendered by jury by reason of passion or prejudice.

(Decided  May  28,  1926.)

ERROR:  Court of Appeals for Knox county.

*Mr. F. O. Levering* and *Mr. Robert J. Grossman,* for plaintiff in error.

*Mr. Robert L. Carr,* and *Mr. B. E. Sapp,* for defendant in error.

HOUCK, J.   Mulby was the plaintiff below, and Dunham was the defendant.   However, if it becomes necessary to refer to them in this opinion, it will be done with reference to the position in which they stood in the trial court.

Plaintiff sued defendant for damages for malicious prosecution.   Trial was had to a jury, which returned a verdict for $800.   On motion duly filed and heard the common pleas court refused a new trial, and a judgment was entered on the verdict.

The facts, as contained in the bill of exceptions, are familiar to counsel, and need not be reviewed by the court.

Three grounds of error are urged for a reversal of the judgment:

(1) The court erred in refusing to give a certain written request before argument.

(2) Failure of the trial judge to fully and properly state to the jury the issues in the case; and especially those contained in the answer of the defendant, Dunham.

(3) The verdict is not responsive to the evidence and is not supported by sufficient evidence.

We have read all the evidence in the case, and examined with care the charge of the judge who presided at the trial.

Coming now to a discussion of the first claimed error of counsel for Dunham, that the trial judge erred in refusing to give a certain written request

of law before argument to the jury, will say that paragraph 5, Section 11447, General Code, reads:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

We find and hold the law to be that it is not a matter of discretion for the trial judge to withhold until after argument to the jury the giving of a written request before argument, if such request properly states the law, and is applicable to the case. Under such circumstances a refusal on the part of the trial judge to give such written request before argument is ground for reversal. But the record must affirmatively show that such written request of the trial judge for instruction to the jury before argument was made.

In the present case the record does not affirmatively show that such request to charge before argument was made by counsel for Dunham. A reviewing court must rely wholly and entirely upon the record before it, and, applying this rule in the present case, we find and hold that, the record not affirmatively showing that a written request to charge before argument was made to the trial judge, there is no error in the record prejudicial to the rights of Dunham in this respect.

As decisive of this question against the claim of learned counsel for defendant, we need but cite the case of *Village of Monroeville* v. *Root*, 54 Ohio St., 523, 44 N. E., 237, second syllabus, which reads:

"To constitute error under this provision of the statute [paragraph 5 of Section 11447, General

Code], the record must affirmatively show that the court was requested to give such instructions before the argument, and that its refusal to do so was the subject of an exception.''

As to the second claimed error, did the trial judge fully and properly state to the jury the issues in the case, and more particularly the affirmative defense set forth in the answer of defendant? The trial judge in his charge to the jury stated the following:

''There are three disputed questions of fact or issues of fact still to be submitted to the jury:

''First. Was such prosecution without probable cause?

''Second. Was the defendant actuated by malice either express or implied in causing such prosecution?

''Third. What sum in money, if any, is plaintiff entitled to recover for the injuries done him by reason of such prosecution, arrest and imprisonment?''

The court further said to the jury:

''If you should find that there was probable cause—that is, if you should find that there was probable cause for the defendant believing the plaintiff to be guilty of the crime with which he is charged, then there would be nothing further for you to consider in this case, and your verdict should be for the defendant, for, if there was probable cause, he will not be liable in this action. However, if you find that there was not probable cause, as I have defined the term, you will next inquire and determine the second issue, and that is, Was the defendant actuated by malice, either express or implied, in thus causing the arrest of plaintiff?

And you must answer this question by the evidence.

"To warrant a recovery by plaintiff it must not only appear that the prosecution was without probable cause, but it must also appear that it was malicious. In common acceptance malice means ill will and hatred, but in a legal sense the effect of a wrongful act intentionally done and without just cause. Express malice is shown by proof of ill will and hatred. Implied malice may be inferred from the proof of wrongful acts intentionally done without just cause."

As we view it, the charge just referred to fully and completely covers the complaint of counsel for Dunham. These statements to the jury, as we view them, fully and completely covered the issuable facts raised by the pleadings and evidence in the case, and therefore the claim of counsel for defendant, so far as the general charge of the court is concerned, is not well taken.

We might further add that the charge as a whole completely covers every phase of the case at bar.

Third, are the verdict and judgment in the case at bar responsive to the evidence or supported by sufficient evidence? A careful reading of all the testimony offered at the trial leads us to but one conclusion, viz. that the verdict is sustained by the evidence.

However, it may be that the amount of the verdict may seem excessive, yet there is nothing in the record that would indicate that the same was rendered by the jury by reason of passion or prejudice, and, in the absence of this showing, a reviewing court is not authorized to reverse the verdict of a jury on the ground that the amount may seem excessive.

Moreover, upon the whole case, we are inclined to believe that there is no error in the record of such a character as to warrant a reversal of the judgment.

Therefore the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.